NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation of the State of Ohio, Defendant Below, Appellant,

v.

Alice M. WILLIAMS and Ervin H. Williams, her husband, Plaintiffs Below, Appellees.

No. 525, 1996.

Supreme Court of Delaware.

Submitted: April 1, 1997.

Decided: May 16, 1997.

Gilbert F. Shelsby, of Mason, Ketterman, Morgan & Shelsby, Newark, for appellant.

H. Clay Davis, III, of Henry Clay Davis III, P.A., Georgetown, for appellees.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT, and BERGER, JJ. (constituting the Court en Banc.)

HOLLAND, Justice.

This is an appeal from a final judgment of the Superior Court, which granted summary judgment on a request for declaratory relief by the plaintiffs-appellees, Alice M. Williams and Ervin H. Williams ("the Williams"). The Superior Court held that the Williams were entitled to receive the full limits of their underinsured motorist coverage. The Williams' insurance carrier is the defendant-appellant, Nationwide Mutual Insurance Company ("Nationwide").

The original arguments by both parties in this appeal assumed that the Williams were entitled to recover pursuant to their underinsured motorist policy. Nationwide argued that the Williams should have been awarded $2,000. The Williams argued that the Superior Court properly construed the statute and that they should receive the entire $100,000 limit of their underinsured motorist policy. Thus, the parties' original arguments were how much of, rather than whether, an underinsurance payment would be made to the Williams by Nationwide.

This Court ordered supplemental briefing after the issuance of its opinion in *Nationwide Mutual Automobile Insurance Co. v. Peebles,* Del.Supr., 688 A.2d 1374 (1997). This Court has concluded that the Williams were not injured by an underinsured motorist tortfeasor, as that term is defined in the applicable statute. 18 *Del.C.* § 3902(b)(2). Consequently, the judgment of the Superior Court must be reversed.

### Background Facts

The plaintiff, Alice M. Williams, was driving an automobile that was involved in a collision with a second automobile being driven by Michael Bryson ("Bryson"). The accident occurred on July 29, 1995. There is no dispute, for purposes of this appeal, that Bryson was at fault in the accident.

The police report of the accident reflects that Bryson ran a stop sign and collided with the Williams' vehicle. Alice M. Williams and the passengers in her vehicle, Sylvia Santiago, Willie Mae Johnson, and Anna N. Showell, were all injured in the accident. Bryson and the passenger in his vehicle, Deanna Davis, were also injured.

At the time of the accident, Bryson was covered under a policy of automobile liability insurance issued by Allstate Insurance Company ("Allstate"). The total limits of liability coverage available to Bryson under the Allstate policy were $100,000 per person and $300,000 per accident. The injured parties and their counsel agreed to a partition of the $300,000 per accident coverage in the Allstate policy, as follows: $98,000 to the Williams; $98,000 to Anna N. Showell; $52,000 to Sylvia and Jose Santiago; $32,000 to Willie Mae and Alexander Johnson; and $20,000 to Deanna Davis.

At the time of the accident, the Williams were covered by a policy of automobile liability insurance with Nationwide that included uninsured/underinsured motorist coverage with limits of $100,000 per person and $300,000 per occurrence. Thus, the limits of the Williams' uninsured/underinsured motorist coverage with Nationwide were *identical* to the liability limits carried by Bryson with Allstate.

### Superior Court Action

On March 7, 1996, the Williams filed a complaint for declaratory relief against Nationwide, their insurance carrier. The Williams alleged that on July 29, 1995, Alice Williams was severely injured in an automobile accident caused by Bryson; that other individuals were injured in the same automobile accident; that all injured parties agreed to an out-of-court settlement with Bryson's insurer for its liability policy limits; and that "Plaintiffs [Alice and Ervin Williams] received their share, $98,000, and released Mr. Bryson and his insurer Allstate." It was further alleged that the Williams were entitled to receive compensation for their actual damages in an amount up to the $100,000 limit of their underinsured motorist coverage from their insurance carrier, Nationwide, and

that "[d]efendant has denied coverage except for $2,000 which has been offered to Plaintiffs in order to bring their total recovery to $100,000."

Nationwide filed an answer to the complaint. It admitted that $2,000 had been tendered as the undisputed underinsured motorist coverage. It denied liability for further underinsurance motorist coverage.

The Superior Court granted the Williams' motion for summary judgment on the issue of liability. It relied upon a decision of this Court which had construed the statutory operation of *uninsured* motorist coverage. *Hurst v. Nationwide Mut. Ins. Co.*, Del. Supr., 652 A.2d 10 (1995). The Superior Court held that the $98,000 payment to the Williams by Bryson's insurance carrier, had to be set off against the Williams' total damages and not simply against the underinsured motorist coverage limits in their Nationwide policy.

The parties entered into a stipulation that the Williams' combined damages amounted to $198,000. The stipulation further stated:

Therefore, unless the decision of [the Superior] Court, dated August 19, 1996 is reversed on appeal, the Plaintiffs are entitled to the policy limits of their insurance policy, subject to this suit, from the Defendant, up to $100,000.00. If the judgment is reversed on appeal, the Plaintiffs are entitled to $2,000.00.

Final judgment was entered by the Superior Court pursuant to the parties' stipulation.

### Prior Precedents
### Hurst and Peebles

This Court has recently examined the statutory provisions relating to uninsured and underinsured motorist coverage in two separate opinions. The statutory operation of *uninsured* motorist coverage was decided in

*Hurst v. Nationwide Mutual Insurance Co.*, Del.Supr., 652 A.2d 10 (1995). In *Hurst,* this Court held that 18 *Del.C.* § 3902(b) ("Section 3902(b)") mandates that any reduction provided for by Section 3902(b)(3) must be deducted from the total amount of the insured claimant's bodily injuries and not from the limits of the insured claimant's *uninsured* coverage. *Id.* at 13–14. This Court subsequently held that the logical operation of Section 3902(b), as described by this Court in *Hurst,* also applied to *underinsurance* coverage. *See Nationwide Mut. Auto. Ins. Co. v. Peebles*, Del.Supr., 688 A.2d 1374, 1377 (1997).[1]

In *Peebles,* this Court noted that the statute defines an underinsured driver as a tortfeasor with liability policy *limits* that are less than the *limits* of the claimant's uninsured motorist coverage. *Id.*

> An underinsured motor vehicle is one for which there may be bodily injury liability coverage in effect, but the *limits* of bodily injury liability coverage under all bonds and insurance policies applicable at the time of the accident total less than the *limits* provided by the uninsured motorist coverage.

18 *Del.C.* § 3902(b)(2) (emphasis added). In *Peebles,* this Court held that the definition of underinsurance in Section 3902(b)(2) operates as a prerequisite·to a right of recovery from the claimant's underinsurance motorist policy. *Nationwide Mut. Auto. Ins. Co. v. Peebles,* 688 A.2d at 1378. Thus, in *Peebles,* we again held that "the presentation of record evidence which comports with the unambiguous definition in Section 3902(b)(2) is a condition precedent to pursuing an underinsurance claim." *Id.* at 1378 n. 2; *accord Allstate Ins. Co. v. Gillaspie,* Del.Super., 668 A.2d 757 (1995), *aff'd,* Del.Supr., No. 327, 1995, 1996 WL 21056, Hartnett, J. (Jan. 10, 1996) (ORDER).[2]

---

**1.** Section 3902(b)(3) provides that the underinsured motorist coverage insurer does not have to make any payment until the limits of all bodily injury insurance ·policies or bonds available to the insured have been exhausted. 18 *Del.C.* § 3902(b)(3). Nevertheless, when the underinsured policy is activated, it must respond in an amount up to its policy limits "for bodily injury damage that the insured or his legal representa-

tive are legally entitled to recover from the driver of an *underinsured* motor vehicle." *Id.* § 3902(b)(1) (emphasis added).

**2.** In *Gillaspie,* the Superior Court held that because the tortfeasor's liability coverage was not less than Gillaspie's uninsured motorist coverage, Gillaspie did not meet the unambiguous statutory definition of being injured by an "un-

***This Case***
***Tortfeasor Not Underinsured***

The focus of the unambiguous definition of underinsurance in Section 3902(b)(2) is on the symmetry between the *limits* of the insured claimant's coverage and the *limits* of the tortfeasor's coverage, not the amount of the tortfeasor's coverage that remains *available* to pay the insured, after other "per accident" claims are paid pursuant to the tortfeasor's liability policy. The present case is controlled by this Court's ruling in *Gillaspie*. Unlike *Hurst* and *Peebles*, the tortfeasor Bryson's "*limits* of bodily injury liability coverage ... applicable at the time of the accident" were identical to the *limits* of the Williams' uninsured/underinsured motorist coverage. 18 *Del.C.* § 3902(b)(2). Accordingly, the tortfeasor, Bryson, was not an "underinsured" motorist within the meaning of Section 3902(b)(2). *Allstate Ins. Co. v. Gillaspie,* Del.Super., 668 A.2d 757 (1995), *aff'd,* Del.Supr., No. 327, 1995, 1996 WL 21056, Hartnett, J. (Jan. 10, 1996) (ORDER); *accord Nationwide Mut. Auto. Ins. Co. v. Peebles,* Del.Supr., 688 A.2d 1374 (1997).

***Conclusion***

The judgment of the Superior Court is reversed. Subject to the stipulation as to damages by the parties, the Williams are not entitled to recover under their underinsurance motorist policy with Nationwide. This matter is remanded for further proceedings in accordance with this opinion.

derinsured" driver. *Allstate Ins. Co. v. Gillaspie,* 668 A.2d at 762–63. Therefore, the Superior Court concluded that it was not required to apply this Court's holding in *Hurst* to Gillaspie's under-insurance claim. *Id.* This Court affirmed that judgment. *Gillaspie v. Allstate Ins. Co.,* Del. Supr., No. 327, 1995, 1996 WL 21056, Hartnett, J. (Jan. 10 1996) (ORDER).