Lorraine A. **SLOAD, Individually and as Parent and Guardian Ad Litem for Tara L. Hough, a Minor, Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant.**

**C.A. No. 97C–11–160–WTQ.**

Superior Court of Delaware, New Castle County.

Argued: Feb. 5, 1998.

Decided: June 30, 1998.

Morton Richard Kimmel, William R. Peltz, Kimmel, Carter, & Roman, P.A., Wilmington, Delaware, Attorneys for Plaintiff.

Gilbert F. Shelsby, Jr., Kelly A. Costello, Mason, Ketterman, Morgan & Shelsby, Wilmington, Delaware, Attorneys for Defendant.

QUILLEN, J.

This is the Court's decision after oral argument on the Motion of the Defendant Nationwide Mutual Insurance Company for Summary Judgment against Plaintiffs Lorraine A. Sload and Tara Hough, a minor, pursuant to Superior Court Civil Rule 56. For the reasons herein stated, Defendant's Motion is GRANTED.*

### Facts [1]

On July 15, 1992, Plaintiffs were passengers in a vehicle operated by George Sload ("Mr. Sload"). Mr. Sload allegedly failed to remain stopped for a flashing red signal and collided with a vehicle operated by Dennis Lloyd Brown, Jr. ("Mr. Brown"). Plaintiffs were injured as a result of this accident.

Mr. Sload was insured by Nationwide Mutual Insurance Company ("Nationwide") in the amount of $100,000/$300,000 liability, and $100,000/$300,000 uninsured motorist/underinsured motorist ("UM/UIM") coverage. Mr. Brown was insured by Colonial Insurance Company ("Colonial") in the amount of

---

* In submitting this opinion for publication in the Atlantic Reporter, Second Series, the original letter opinion of June 30, 1998 has been modified only in an inconsequential cosmetic manner.

1. The parties are in agreement on the facts as presented. Therefore, the Court relies heavily on the facts as presented in the Defendant's Motion for Summary Judgment.

$15,000/$30,000 liability coverage. Mr. Sload and Mr. Brown have offered their combined liability limits to the Plaintiffs in settlement.

As a result of this accident, Plaintiffs filed suit against Nationwide on June 21, 1995.[2] In their Complaint for declaratory judgment, Plaintiffs allege that they are entitled to underinsured motorist coverage.

When considering a Motion for Summary Judgment under Superior Court Civil Rule 56, the Court's function is usually to examine the record to determine whether genuine issues of material fact exist. *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.,* Del.Super., 312 A.2d 322, 325 (1973). In this case, there is no question of material fact and the matter can be decided as a matter of law.

■ The precise issue to be resolved is whether Plaintiffs are entitled to UM coverage when Plaintiffs' UM/UIM coverage is less than the combined liability coverage limits of the tortfeasors, Mr. Sload and Mr. Brown.

The issue before the Court is controlled by the case of *Allstate Ins. Co. v. Gillaspie,* Del.Super., 668 A.2d 757 (1995), *aff'd, Gillaspie v. Allstate Ins. Co.,* Del.Supr., 676 A.2d 903 (1996). *See also Nationwide Mut. Auto. Ins. Co. v. Peebles,* Del.Supr., 688 A.2d 1374, 1378 (1997); *Nationwide Mut. Ins. Co. v. Williams,* Del.Supr., 695 A.2d 1124, 1126–27 (1997). This Court in *Gillaspie* held that "where a plaintiff's UM policy limits equal a tortfeasor's liability insurance policy limits, there is no possibility of an 'underinsurance' situation within the meaning of 18 *Del. C.* § 3902(b)(2)." 668 A.2d at 759 (citing *Dixon v. Reid,* Del.Super., C.A. No. 86C–NO–14, 1990 WL 123000, Steele, J. (July 26, 1990) (Mem.Op.)). Section 3902(b)(2) provides:

> An underinsured motor vehicle is one for which there may be bodily injury coverage in effect, but the limits of bodily injury liability coverage under all bonds and insurance policies applicable at the time of the accident total less than the limits provided by the uninsured motorist coverage.

These limits shall be stated in the declaration sheet of the policy.

The undisputed facts indicate that Plaintiffs have UIM limits of $100,000/$300,000. Moreover, Plaintiffs received, through the combined liability policy limits of Mr. Sload and Mr. Brown, a total of $115,000 per person. Plaintiffs' UIM limit is therefore less than the liability limits of both tortfeasors, Mr. Brown and Mr. Sload, combined and equal to the liability limits of the tortfeasor Mr. Sload, the driver of the vehicle in which Plaintiffs were riding. In either case, the total applicable liability limits are more than or equal to the UM/UIM limits, and thus, by definition, there is no "underinsured" motorist coverage available to Plaintiffs.

■ Plaintiffs argue that *Gillaspie* is inapplicable to this issue because, unlike *Gillaspie,* this case involves more than one tortfeasor. Plaintiffs, in their brief, contend that the statute's definition of an underinsured vehicle ("one" for which there may be bodily injury liability coverage in effect, but the limits of such coverage are less than the limits provided by UM coverage) limits UIM coverage only when there is a single tortfeasor. *See* 18 *Del. C.* § 3902(b)(2) (emphasis added). Consequently, the Plaintiffs argue the statute, § 3902(b)(2), simply does not apply to a multiple Defendant accident. Further, Plaintiffs contend that in *Gillaspie* this Court's use of the article "a" in its statement "a claimant's liability insurance limits were required to be less than *a* tortfeasor's coverage" suggests that the statute was intended to apply to situations involving single tortfeasors. *See* 668 A.2d at 762 (emphasis added). But obviously, the Court was only speaking to the facts of that case. At oral argument, Plaintiffs shifted ground somewhat and appeared to argue that the law should be applied separately as to each vehicle in the accident.

Plaintiffs' construction of the statute seems strained to me. A simple reading of the statute suggests inclusion of multiple tortfeasors in the definition of an underinsured motor vehicle. The statute clearly states

---

2. The case was originally filed in the Court of Chancery. The case was dismissed by Vice Chancellor Lamb for lack of subject matter jurisdiction, and then transferred to the Superior Court on November 14, 1997.

that "the limits of bodily injury liability coverage under all bonds and insurance policies applicable at the time of the accident [must] total less than the limits provided by the uninsured motorist coverage." The Legislature's inclusion of the phrase "all bonds and insurance policies applicable at the time of the accident" evidences an intent, with regard to liability coverage, to focus on the totality of "the accident" and thus an intent to apply the statute to multiple tortfeasors. The phrase "underinsured motor vehicle," on the other hand, must necessarily apply to the vehicle in which the Plaintiffs were riding and to the availability of UIM coverage for such Plaintiffs. The Plaintiffs here simply were not passengers in an underinsured vehicle under the current law.

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. IT IS SO ORDERED.