Edith WHITE, Plaintiff
Below, Appellant,

v.

LIBERTY INSURANCE COR-
PORATION, Defendant
Below, Appellee.

No. 630, 2008.

Supreme Court of Delaware.

Submitted: June 3, 2009.

Decided: June 17, 2009.

Beverly L. Bove, Esquire, and Vincent J.X. Hedrick, II, Esquire, Wilmington, DE, for appellant.

Nancy Chrissinger Cobb, Esquire, Chrissinger & Baumberger, Wilmington, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

HOLLAND, Justice.

The plaintiff-appellant, Edith White, appeals from the final judgment of the Superior Court granting the motion to dismiss of the defendant-appellee, Liberty Insurance Corp. ("Liberty"). White contends that the Superior Court erred when it granted Liberty's motion to dismiss her complaint. First, she claims that a proper analysis under title 18, section 3902 of the Delaware Code focuses on the plaintiff's damages and not the limits of his or her coverage.[1] Second, she asserts that section 3902 is ambiguous and that the Superior Court failed to consider that the purpose of the statute is to protect insured persons from the negligence of unknown or impecunious tortfeasors. Third, she ar-

gues that this Court is not bound by the judicial doctrine of *stare decisis* in this case because our prior decisions may be revisited if they compel unfair or arbitrary results.

We have concluded that, in deciding White's case, the Superior Court properly relied on this Court's interpretation of section 3902 in *Nationwide Mutual Insurance Co. v. Williams*.[2] We also ratify and reaffirm our holding in *Williams*. Therefore, the judgment of the Superior Court must be affirmed.

### Facts

On July 16, 2005, White was driving her vehicle with two passengers when another driver ran a red light and crashed into the driver's side of White's vehicle. The collision injured White[3] and both of her passengers. There is no dispute that for purposes of this appeal the other driver ("the tortfeasor") was at fault.

The tortfeasor had an automobile insurance policy with Progressive that provided coverage of up to $15,000 per person or $30,000 per accident. White received a payment from Progressive on September 24, 2007. There is some dispute as to the exact amount she received. Liberty claims that White's initial and amended complaints indicate she received the per-person payment of $15,000. White claims that she received the per-accident payment of $30,000, which she split with her two passengers so that each received $10,000. Regardless, it is undisputed that White received some amount less than the per-

---

1. Del.Code Ann. tit. 18, § 3902.

2. *Nationwide Mut. Ins. Co. v. Williams*, 695 A.2d 1124 (Del.1997).

3. White sustained serious injuries as a result of the accident. Her injuries included permanent chronic cervicothoracic spine pain with myofascial pain and somatic dysfunction, permanent chronic lumbosacral spine pain with myofascial pain and somatic dysfunction, myofascial pain versus cervical nerve root irritation, and contusion to the right upper and lower extremities.

person limit of the tortfeasor's available liability coverage.

At the time of the accident, White had an automobile insurance policy with Liberty that included underinsured motorist ("UIM") coverage in the amount of $15,000 per person or $30,000 per accident. White filed a UIM claim under this policy. Liberty declined to pay the claim on the grounds that the tortfeasor was not an underinsured motorist.

### Procedural History

On July 7, 2008, White filed a complaint against Liberty in the Superior Court, which she later amended, alleging that she was entitled to UIM benefits under her policy. Liberty filed a motion to dismiss, pursuant to Superior Court Civil Rule 12(b)(6), on September 3, 2008. White filed her opposition to that motion on October 14, 2008.

On December 23, 2008, the Superior Court granted Liberty's motion to dismiss. Relying on this Court's opinion in *Nationwide Mutual Insurance Co. v. Williams*,[4] the Superior Court determined that White was not entitled to receive UIM benefits under her policy because the limits of her UIM coverage were identical to the limits of the tortfeasor's bodily injury coverage. White filed a timely direct appeal with this Court.

### Motion to Dismiss Granted

After hearing oral arguments, the trial judge granted Liberty's motion to dismiss, explaining that "in this case, the tortfeasor and the injured party had identical policies of 15 and 30." The trial judge determined that White's case was "controlled by the *Williams* decision and also by the statute," in defining an underinsured motor vehicle as one for which the limits of bodily injury liability coverage are less than the limits of coverage provided by the injured party's UIM policy. The policy limits were "identical" in this case. Therefore, the trial judge determined that White could not access her UIM coverage and dismissed her complaint.

### Standard of Review

■ We review the judicial construction of a statute *de novo* to determine whether the Superior Court "erred in formulating or applying legal precepts."[5]

### Underinsured Motorist Statute

■ Title 18, section 3902(b)(1) of the Delaware Code permits a claim for UIM benefits where an operator of an underinsured motor vehicle causes the claimant bodily injury.[6] A claimant may not recover under her UIM policy, however, unless the definition of underinsurance in section 3902(b)(2) has been met.[7] Thus, the claimant must be able to show that she was injured by an underinsured vehicle within the meaning of the statute to collect on her UIM policy.

■ Section 3902(b)(2) defines an "underinsured vehicle" as "one for which there may be bodily injury liability coverage in effect, but the limits of bodily injury

---

4. *Nationwide Mut. Ins. Co. v. Williams*, 695 A.2d 1124 (Del.1997).

5. *State Farm Mut. Auto. Ins. Co. v. Clarendon Nat. Ins. Co.*, 604 A.2d 384, 387 (Del.1992) (quoting *Hudson v. State Farm Mut. Ins. Co.*, 569 A.2d 1168, 1170 (Del.1990)); *accord Colonial Ins. Co. of Wisconsin v. Ayers*, 772 A.2d 177 (Del.2001).

6. Del.Code Ann. tit. 18, § 3902(b)(1).

7. *Nationwide Mut. Ins. Co. v. Peebles*, 688 A.2d 1374, 1378 n. 2 (Del.1997) ("The presentation of record evidence which comports with the unambiguous definition in 18 *Del. C.* § 3902(b)(2) is a condition precedent to pursuing an underinsurance claim.").

liability coverage under all bonds and insurance policies applicable at the time of the accident total less than the limits provided by the uninsured motorist coverage." That section also states that "[t]hese limits shall be stated in the declaration sheet of the policy." [8] Accordingly, the plain language of section 3902(b)(2) indicates that whether a claimant is entitled to UIM benefits depends upon the applicable policy limits.

### Prior Precedent in Williams

■ This Court has held previously, and we reaffirm now, that when the limits of the claimant's UIM coverage and the limits of the tortfeasor's bodily injury coverage are identical, the tortfeasor is not an underinsured motorist within the meaning of section 3902(b)(2).[9] In *Nationwide Mutual Insurance Co. v. Williams,* the plaintiff and her three passengers were injured when the driver of another vehicle ran a stop sign and collided with the plaintiff's vehicle.[10] There was no dispute that the other driver ("the tortfeasor") caused the accident.[11]

In *Williams,* the tortfeasor was covered under a policy of automobile liability insurance issued by Allstate Insurance Co. ("Allstate").[12] The total limits of the tortfeasor's liability coverage were $100,000 per person and $300,000 per accident.[13] The plaintiff was covered by a policy of automobile liability insurance with Nationwide Mutual Insurance Co. ("Nationwide") that included UIM coverage.[14] The total limits of the plaintiff's UIM coverage with Nationwide were *identical* to the liability limits of the tortfeasor's policy with Allstate.[15]

In *Williams,* the plaintiff and her three passengers divided the $300,000 per-accident coverage provided by the tortfeasor's policy with Allstate.[16] The plaintiff received $98,000 from Allstate, which was less than the per-person limit of the tortfeasor's liability coverage.[17] Nationwide denied the plaintiff's claim for UIM benefits under her policy because the limits of her UIM coverage and the limits of the tortfeasor's bodily injury policy were identical.[18] On appeal, we held that the plaintiff could not access her UIM coverage because a tortfeasor is not an underinsured motorist within the meaning of section 3902(b)(2) where the limits of the claimant's UIM coverage and the limits of the tortfeasor's bodily injury coverage are identical.[19]

### Williams Holding Reaffirmed

■ In this case, White's UIM policy limits were identical to the tortfeasor's liability limits. White argues in this appeal that because the actual compensation she received from the tortfeasor's insurance policy was less than the maximum

---

8. Del.Code Ann. tit. 18, § 3902(b)(2); *accord Nationwide Mut. Ins. Co. v. Williams,* 695 A.2d 1124 (Del.1997).

9. *Nationwide Mut. Ins. Co. v. Williams,* 695 A.2d 1124, 1127 (Del.1997).

10. *Nationwide Mut. Ins. Co. v. Williams,* 695 A.2d at 1125.

11. *Id.*

12. *Id.*

13. *Id.*

14. *Id.*

15. *Id.*

16. *Id.*

17. *Id.*

18. *Id.*

19. *Nationwide Mut. Ins. Co. v. Williams,* 695 A.2d at 1127.

allowed by her UIM policy, she should be able to access her UIM coverage. She asserts that the total amount she received from Progressive for her injuries was $10,000 but she was entitled to $15,000.

White relies on *Hurst v. Nationwide Mutual Insurance Co.*[20] and *Nationwide Mutual Insurance Co. v. Peebles*[21] to support her argument that the focus of the inquiry should be the actual amount she received for her injuries and not the limits of coverage. *Hurst* and *Peebles* are inapplicable, however, because they speak only to situations where a UIM policy has already been triggered under section 3902(b)(2).[22] Here, as in *Williams,* White's policy limits and the tortfeasor's policy limits were *identical.*

Section 3902(b)(2) expressly states that the limits of the insurance policy control when determining whether the claimant can access her UIM benefits.[23] The Superior Court concluded that, because the policy limits were identical, *Williams* controls and the court could not consider the actual amount White received to determine whether she could access her UIM benefits. We agree. The Superior Court properly concluded that the tortfeasor in this case cannot be classified as an underinsured motorist and, therefore, White cannot access her UIM benefits.

### Statute Unambiguous

White next argues that section 3902(b)(2) is ambiguously drafted and requires outside sources to explain its true meaning. While the dissent in *Peebles* referred to section 3902(b)(2) as "arguably ambiguous,"[24] just three months later in *Williams,* this Court, sitting *en banc,* characterized the definition of underinsurance in section 3902(b)(2) as "unambiguous."[25] We reaffirm our holding in *Williams* that section 3902(b)(2) is clear on its face. Accordingly, a claimant may access her UIM benefits only if "the limits of bodily injury liability coverage under all bonds and insurance policies applicable at the time of the accident total less than the limits provided by the uninsured motorist coverage."[26] In this case, the policy limits are identical and the plaintiff cannot access her UIM benefits.

### Stare Decisis

Finally, White argues that the doctrine of *stare decisis* does not bar this Court from revisiting our prior interpretation of section 3902(b)(2). It is well-established in Delaware jurisprudence that once an issue of law has been settled by a decision of this Court, "it forms a precedent which is not afterwards to be departed from or lightly overruled or set aside ... and [it] should be followed except for urgent reasons and upon clear manifesta-

20. *Hurst v. Nationwide Mut. Ins. Co.,* 652 A.2d 10 (Del.1995).

21. *Nationwide Mut. Ins. Co. v. Peebles,* 688 A.2d 1374 (Del.1997).

22. *See Nationwide Mut. Ins. Co. v. Williams,* 695 A.2d 1124, 1126 (Del.1997) (citing *Hurst v. Nationwide Mut. Ins. Co.,* 652 A.2d at 13–14; *Nationwide Mut. Ins. Co. v. Peebles,* 688 A.2d at 1377).

23. In other words, if the tortfeasor's insurance was less than the amount of coverage on White's car, then White may recover her UIM benefits. If the tortfeasor's insurance was greater than the policy limits on White's car, then White may not recover her UIM benefits. In this case, however, both White's policy limits and the tortfeasor's policy limits were identical.

24. *Nationwide Mut. Ins. Co. v. Peebles,* 688 A.2d at 1380 n. 2.

25. *Nationwide Mut. Ins. Co. v. Williams,* 695 A.2d at 1127.

26. Del.Code Ann. tit. 18, § 3902(b)(2).

tion of error." [27]   White has not identified any urgent reason for this Court to depart from the holding in *Williams*.   White has also not demonstrated any manifest error. Accordingly, we adhere to our holding in *Williams*.

### Conclusion

The judgment of the Superior Court is affirmed.

**27.**  *Account v. Hilton Hotels Corp.*, 780 A.2d 245, 248 (Del.2001) (quoting *Oscar George, Inc. v. Potts*, 115 A.2d 479, 481 (Del.1955)); *see Seinfeld v. Verizon Commc'ns, Inc.*, 909 A.2d 117, 124 (Del.2006).