# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| MARITZA PEREZ,<br><br>        Plaintiff,<br><br>        v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY, a foreign corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   C.A. No.: N17C-07-245 EMD<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Upon consideration of Defendant's Motion for Summary Judgment (the "Motion") filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"); Plaintiff's Opposition to Defendant's Motion for Summary Judgment (the "Opposition") filed by Plaintiff Maritza Perez; and the entire record of this civil proceeding:

1. On June 13, 2014, Ms. Perez was riding in a car driven by Marie Ingles Luciano. There was an accident. Alfredo Ingeles owned the vehicle and had a valid insurance policy (the "Policy")[1] with State Farm. Ms. Luciano was negligent in a manner that caused injury to Ms. Perez. State Farm paid the Policy limit to Ms. Perez. However, the Policy limit did not cover all of Ms. Perez's expenses from the accident.

2. The Policy also contains uninsured and underinsured ("UIM") coverage. The Policy states:

Uninsured Motor Vehicle means a land motor vehicle: . . . (3) with respect to damages for bodily injury, the ownership, maintenance or use of which may be insured or bonded for bodily injury liability at the time of the accident, but the limits of liability for bodily injury liability are less than: (a) the limits for Uninsured Motor Vehicle coverage under this policy; or (b) the limits for uninsured motor vehicle

---

[1] Mot., Ex. C. Hereinafter cited as "Policy at ___."

coverage under a policy not in the name of you or any relative, if such coverage applies to the same bodily injury."[2]

However the Policy also states "Uninsured Motor Vehicle does not include a land motor vehicle: (1) whose ownership, maintenance, or use is provided Liability Coverage by this policy;. . ."[3]

3.      Ms. Perez sought UIM benefits under the Policy because the Policy limit for general liability coverage was insufficient to cover her injuries. State Farm denied UIM coverage.

4.      On July 24, 2017, Ms. Perez filed this civil action against State Farm seeking additional compensation under the UIM provision of the Policy. On March 2, 2018, State Farm filed the Motion. On March 19, 2018, Ms. Perez filed the Opposition.

5.      State Farm attached the summary (the "Summary") for the 2013 amendment to 18 *Del. C.* § 3902 ("Section 3902") to the Motion. State Farm relies on the Summary to contend that Section 3902, as amended, only allows policyholders to collect UIM benefits from their insurance in addition to general liability coverage. The Summary states:

> The purpose of this amendment is to allow innocent victims of motor vehicle collisions to access their own underinsured insurance benefits in circumstances where the victim's damages are greater than the amount of the negligent driver's insurance policy limits. Delaware courts have ruled that if the innocent victim and the negligent driver have the same policy limit or the victim's policy limits are less than the negligent driver's, then the negligent driver is not considered "underinsured" even if the negligent driver's policy limit is inadequate to compensate the innocent victims. This amendment will rectify these inequities. Nationwide Mut. Ins. Co. v. Williams, Del. Supr., 695 A.2d 1124 (1997). The provisions of the law will not affect existing insurance policies . . . .[4]

6.      The standard of review on a motion for summary judgment under Civil Rule 56 is well-settled. The Court's principal function when considering a motion for summary judgment

---

[2] Policy at 12.
[3] Policy at 13.
[4] Mot., Ex. D.

is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[5] Summary judgment will be granted if, after viewing the record in a light most favorable to a nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[6] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[7] The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[8] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[9]

7.      This Court has already addressed the issues raised in the Motion.[10] In *Tillison v. GEICO Secure Ins. Co.*, the Court found that a passenger could recover UIM benefits after receiving benefits up to the policy limit.[11] In *Tillison*, the policy explicitly excluded vehicles covered under the liability section of the policy from UIM coverage.[12] Regardless of that exclusion, the Court found that the passenger in the vehicle could recover from the policy under

---

[5] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).
[6] *Id.*
[7] *See Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *see also Cook v. City of Harrington*, 1990 WL 35244 at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole*, 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates . . . that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").
[8] *See Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole*, 180 A.2d at 470).
[9] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).
[10] *See generally Johnson v. State Farm Mut. Automobile Ins. Co.*, 2017 WL 4652061 (Del. Super. Oct. 16, 2017); *Tillison v. GEICO Secure Ins. Co.*, 2017 WL 2209895, at *1 (Del. Super. May 15, 2017); *Baunchalk v. State Farm Mut. Automobile Ins. Co.*, 2015 WL 12979117 (Del. Super. Oct. 26, 2015); *Pankowski v. State Farm Mut. Automobile Ins. Co.*, 2013 WL 5800858 (Del. Super. Oct. 10, 2013).
[11] *Tillison*, 2017 WL 2209895, at *3-4.
[12] *Id.* at *1.

the liability coverage and UIM coverage.[13]  The Court relied upon the current statute as revised in 2013.[14]  The Court followed the reasoning in *Baunchalk v. State Farm Mutual Auto. Ins. Co.* and reiterated that Section 3902 "[m]akes no distinction based upon the number of vehicles or insurance policies involved in a collision.  Rather, the statute [as amended] defines an underinsured motor vehicle relative to the victim's injuries."[15]

8.      The *Tillison* Court also noted that the passenger was an "innocent victim of another's negligence" and that Delaware public policy requires courts to narrowly construe provisions that attempt to limit injured persons from recovering under uninsured/underinsured motorist coverage.[16]  At the end of the opinion, the *Tillison* Court noted "there is no legislative history that has been provided to the Court to support GEICO's contentions and there probably is none recorded. While the Court is unwilling to rule contrary to previous interpretations of the state, it would encourage GEICO to pursue legislative clarification of this situation."[17]

9.      Here, the case is similar to *Tillson*.  The Policy contained a similar provision to the one addressed in *Tillson*.  Under those circumstances, *Tillson* rejected an argument similar to State Farm's argument, and found that Section 3902 does not contain an unambiguous exclusion for single-vehicle collisions.  Further, *Tillson* relied on the same version of Section 3902. *Tillson* is strong authority in this civil action.  The only additional fact in this case is State Farm's reliance on the Summary.

10.      State Farm relies on the Summary to argue that "the change to the statute was meant to provide coverage to those innocent victims who had the foresight and who made the

---

[13] *Tillison*, 2017 WL 2209895, at *3*; see also Pankowski*, 2013 WL 5800858, at *3-4 (an insurance clause that allows an insurer to avoid payment if there is another valid insurance policy is known as an "escape clause" and they are disfavored by the courts).
[14] *Tillison*, 2017 WL 2209895, at *3.
[15] *Id.*
[16] *Id.*
[17] *Id.*

4

monetary effort to provide themselves with underinsured motorist coverage."[18]  State Farm narrowly interprets the Summary.

11.    Although the Summary states "[t]he purpose of this amendment is to allow innocent victims of motor vehicle collisions to access their own underinsured insurance benefits . . .," the Summary clearly addresses a specific case decided by the Supreme Court, *Nationwide Mut. Ins. Co. v. Williams*, 695 A.2d 1124 (Del. 1997), and not the situation here.  In *Williams*, the Supreme Court held that a driver could not collect underinsured benefits under the old Section 3902 because the rule compared the limits of coverage of the tortfeasor and the "innocent victim" to control recovery.  If the limits of coverage were the same or if the tortfeasor had more coverage than the innocent victim, then old Section 3902 limited recovery.  The Legislature addressed that issue in 2013.  As such, the new Section 3902 compares the tortfeasor's limits of coverage compared to the innocent victim's injuries and not the innocent victim's insurance coverage.  The Summary was not intended to address the situation raised and decided in *Tillson*—*i.e.*, preventing passengers from collecting underinsured benefits when the driver is the negligent party.  Rather, the language of the Summary relates to the application of the new Section 3902 in response to a previously decided case where a driver could not recover UIM benefits under the old rule.

---

[18] Mot. ¶ 14.

12.     The Court, therefore, finds that State Farm is not entitled to judgment as a matter of law under Civil Rule 56.  Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 1, 2018
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:     File&ServeXpress