Mary H. KIVLIN and James G. Kivlin,
Plaintiffs Below, Appellants,

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY, Defendant Below,
Appellee.

No. 68, 2000.

Supreme Court of Delaware.

Submitted: Oct. 31, 2000.
Decided: Dec. 18, 2000.

L. Vincent Ramunno, Esquire and Glenn C. Ward, Esquire (argued), of Ramunno & Ramunno, P.A., Wilmington, Delaware, for appellants.

Robert J. Leoni, Esquire, of Morgan, Shelsby & Leoni, Newark, Delaware, for appellee.

Before VEASEY, Chief Justice,
WALSH and HOLLAND, Justices.

HOLLAND, Justice:

The plaintiffs-appellants, Mary H. Kivlin and James G. Kivlin, filed this action against Jason Gilbert and his parents, Jimmy G. Gilbert and Debra Gilbert (the "Gilberts"). The litigation resulted from injuries sustained by James Kivlin on October 5, 1997 in an automobile accident. Jason was driving one of his parents' motor vehicles. Kivlin included a count in the complaint requesting a declaratory judgment against defendant-appellee, Nationwide Mutual Insurance Company ("Nationwide"). Kivlin alleged that Nationwide must provide indemnification to the Gilberts for the accident under an automobile insurance policy issued to the Gilberts.

Nationwide filed a counterclaim seeking a declaratory judgment that it had no duty to provide coverage, indemnity, or defense to the Gilberts regarding Kivlin's claims for damages. Nationwide asserted that the Gilberts' automobile insurance policy contained an endorsement providing that all coverages under the policy were not in effect when Jason Gilbert drove any vehicle insured under the policy.

Nationwide and the Gilberts subsequently filed Motions for Summary Judgment on the declaratory judgment claims. The Superior Court denied summary judgment to the Gilberts as to Kivlin's claims based on 21 *Del. C.* § 6105. It denied summary judgment as to the claim based on Section 6106, because of a factual dispute about whether the Gilberts gave constructive permission to Jason to use the insured vehicle. It determined, however, that Nationwide had no duty to cover, defend or indemnify the Gilberts for the claims of

Kivlin arising out of the accident. Therefore, the Superior Court granted Nationwide's motion for summary judgment.

Kivlin petitioned for leave to appeal from the interlocutory order of the Superior Court granting summary judgment to Nationwide on the issue of whether Nationwide owed a duty to defend and indemnify the Gilberts. The interlocutory appeal was accepted by this Court. We have concluded that the Superior Court's grant of summary judgment in favor of Nationwide must be affirmed.

### Facts

Nationwide issued to the Gilberts an automobile policy that was in effect at the time of the October 5, 1997 accident. Nationwide issued that automobile policy on July 24, 1997. The policy contained Endorsement 3000 entitled "Voiding Automobile Insurance While a Certain Person Is Operating Car."

On May 29,1997, Nationwide sent a letter by Certified Mail to the Gilberts, informing them that their then-existing policy would be cancelled or not renewed due to the driving records of two household members, the defendant Jason Gilbert and his brother Todd Gilbert. Jason was being excluded because he had a twelve-month revocation of his driving license for using or possessing marijuana while driving a car. Jason also had a history of accidents on his driving record.

As required by Delaware law, Nationwide informed the Gilberts that they could continue their policy if Jason and Todd were excluded drivers, and that other coverage could be afforded to Jason and Todd. After receiving the Cancellation Letter, Jimmy G. Gilbert telephoned his Nationwide agent, John Slack, CLU. He told Slack that he would like to continue the Nationwide coverage and that the proposed excluded drivers (his sons) were going to surrender their licenses instead of obtaining their own coverage.

Thereafter, the four Gilberts met with Mr. Slack. They reiterated their desire to maintain the Nationwide Policy and surrender the licenses of Jason and Todd. All members of the Gilbert family, including the named insureds and excluded drivers, executed the Nationwide "Authorization to Exclude A Driver" form ("Authorization") provided by Mr. Slack.

The Gilberts' insurance with Nationwide was continued subject to the excluded driver endorsement known as *"Voiding Automobile Insurance While a Certain Person Is Operating Car"* ("Voiding Endorsement"). A renewal of the policy was issued on July 24, 1997, effective August 18, 1997, with the Voiding Endorsement incorporated into the policy. The Voiding Endorsement provided that "the coverages provided in this policy are not in effect while Jason/Todd Gilbert is/are operating any motor vehicle to which this policy applies."

The accident occurred on October 5, 1997, nearly three months after Nationwide issued the renewal policy with the endorsement eliminating coverage while Jason used or operated any insured vehicle. Jason was operating one of the insured vehicles at the time of the accident involving Kivlin. Jason did not have a valid license to operate a motor vehicle.

### Superior Court Motions

The Gilberts filed a Motion for Summary Judgment as to Kivlin's claims against the Gilberts based on 21 *Del. C.* §§ 6105 [1] and 6106.[2] The Gilberts argued

---

1. 21 *Del. C.* § 6105 provides:
   **§ 6105. Liability of parent, guardian or employer for negligence of minor.**
   (a) Any negligence of a minor under age 18 driving a motor vehicle upon a highway of this State, who has been licensed under § 2712 of this title, shall be imputed to any

person who signed the license application on behalf of the minor, and that person shall be jointly and severally liable with the minor for any damages resulting from the minor's negligence.
   (b) The liability imposed upon the person who signed the application of a minor un-

that since Jason did not have a valid drivers license at the time of the accident, neither of the Gilberts could be liable for the accident under Section 6105. The Gilberts also argued that since Jason did not have permission to drive their vehicle, they could not be held liable to Kivlin under Section 6106.

Nationwide filed a companion Motion for Summary Judgment. Nationwide asserted that if the Gilberts had no liability under Sections 6105 and 6106, and since Kivlin did not dispute that Nationwide owed no coverage or defense to Jason, then Nationwide was also entitled to summary judgment. In addition, Nationwide sought summary judgment on a separate basis. Nationwide argued that it had no duty to indemnify and defend the Gilberts, based upon the language of the Nationwide Voiding Endorsement and 18 *Del. C.* § 3909(c), regardless of whether any liability was imputed to the Gilberts under either Section 6105 or 6106.

### Superior Court Rulings

The Superior Court held that the Gilberts had no liability under Section 6105 since Jason was not licensed at the time of the accident. Accordingly, the Superior Court granted the Motions for Summary Judgment in favor of the Gilberts and Nationwide on Kivlin's Section 6105 claim. The Superior Court determined however, that there was a material issue of fact about whether Mr. or Mrs. Gilbert gave permission for Jason to drive the vehicle involved in the accident. Consequently, the Superior Court denied the Gilberts'

motion for summary judgment on Kivlin's Section 6106 claim against the Gilberts as the owners of the vehicle that Jason was operating at the time of the accident. Nevertheless, the Superior Court held that Nationwide had no duty to defend or indemnify the Gilberts on the Section 6106 claim. It based that ruling upon the Nationwide Voiding Endorsement excluding coverage for Jason, which was issued pursuant to 18 *Del. C.* § 3909.

### Interlocutory Appeal

█ Kivlin filed this interlocutory appeal as to the Superior Court's judgment that Nationwide has no duty to cover, defend, or indemnify Jason, Jimmy or Debra Gilbert, for the Section 6106 claim of Kivlin arising from the accident. The Superior Court's construction of a statute is reviewed by this Court *de novo*.[3] The standard of review is whether the trial court erred in formulating or applying legal precepts.[4]

### Designated Driver Exclusion

Delaware law provides that an insurer may cancel or not renew a policy for various reasons, including the fact that an operator in the household has had his or her license revoked within the 36–month period prior to the notice of cancellation.[5] When this provision applies to less than all of the insureds in the household, the insurer must offer to continue the insurance of the named insured and to exclude coverage for the designated offending driver.[6] The insurer may not calculate any premiums

---

der the age of 18 years, as provided in subsection (a) of this section, . . .

2. 21 *Del. C.* § 6106 provides:

§ **6106. Liability of owner for negligence of minor.**
Every owner of a motor vehicle who causes or knowingly permits a minor under the age of 18 years to drive such vehicle upon a highway and any person who gives or furnishes a motor vehicle to such minor shall be jointly and severally liable with such minor for any damages caused by the

negligence of such minor in driving such vehicle, and the negligence of such minor shall be imputed to such owner or such person for all purposes of civil damages.

3. *Delaware Alcoholic Bev. Wholesalers, Inc. v. Ayers,* Del.Supr., 504 A.2d 1077 (1986).

4. *Rohner v. Niemann,* Del.Supr., 380 A.2d 549 (1977).

5. 18 *Del. C.* § 3904(a)(7).

6. 18 *Del. C.* § 3909(b).

charged thereafter based to any extent on the driving record of the excluded driver.[7] Section 3909(c) provides:

> With respect to any person excluded from coverage under this section, the policy may provide that the insurer *shall not be liable for damages, losses or claims arising out of this operation of the insured vehicle,* whether or not such operation or use was with the express or implied permission of a person insured under the policy.[8]

Kivlin does not dispute that Nationwide properly excluded Jason as a designated driver pursuant to the requirements of 18 *Del. C.* § 3909.

### Statutory Construction

Kivlin argues that Section 3909(c) permits the elimination of liability coverage only as to direct claims against the excluded driver. Kivlin submits that his direct action is against Jimmy G. and Debra A. Gilbert. Kivlin contends they are liable for the accident by virtue of 21 *Del. C.* § 6106, which provides for imputed liability to any person who owns and knowingly permits a minor to drive a motor vehicle.

Kivlin's argument begins with the observation that 21 *Del. C.* §§ 2118(a)(1) and 2902(b)(2) require insurance for liability arising out of, among other things, the ownership of a vehicle.[9] Kivlin then submits that since Section 3909(c) does not include the word "ownership" (21 *Del. C.* §§ 2118 and 2902 do), there may be no exclusion of coverage for liability under 21 *Del. C.* § 6106, which is predicated upon ownership of the vehicle as opposed to operation or use of the vehicle. Thus, Kivlin concludes that Nationwide's Voiding Endorsement could not be effective as to any liability of Jimmy G. and Debra A. Gilbert that attaches as a result of their ownership of the insured vehicle.

▪ Kivlin's argument is based upon the erroneous premise that the General Assembly used the words "operation or use" in Section 3909(c) as a limitation on the effect of the designated driver exclusion. Section 3909(c) permits the insurer to issue a policy which provides that the insurer will not be liable for *any* damages "arising out of this operation or use of the *insured motor vehicle*" by an excluded driver. The plain meaning of this unambiguous language in Section 3909(c) permits only one conclusion: if a claim is made against the remaining insured owner, because the excluded driver either used or operated an *insured vehicle,* there is no coverage.

---

7. *Id.*

8. 18 *Del. C.* § 3909(c) (emphasis added).

9. 21 *Del. C.* § 2118(a)(1) provides:

> **§ 2118. Requirement of insurance for all motor vehicles required to be registered in this State; penalty.**
>
> (a) No owner of a motor vehicle registered in this State, other than a self-insurer pursuant to § 2904 of this title, shall operate or authorize any other person to operate such vehicle unless the owner has insurance on such motor vehicle *providing the following minimum insurance coverage:*
>
> (1) Indemnity from legal liability for bodily injury, death or property damage arising out of ownership, maintenance or use of the vehicle to the limit, exclusive of interest and costs, of at least the limits prescribed by the Financial Responsibility Law of this State.

21 *Del. C.* § 2902(b)(2) provides:

> **§ 2902. Motor vehicle liability policy.**

> (b) Such owner's policy of liability insurance shall:
>
> (2) Insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the Liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: $15,000, because of bodily injury to or death of 1 person in any 1 accident and, subject to said limit for 1 person $30,000, because of bodily injury to or death of 2 or more persons in any 1 accident, and $5,000, because of injury to or destruction of property of others in any 1 accident.

■ In this case, the Section 6106 liability asserted by Kivlin against the Gilberts arises solely from the operation and use of an insured vehicle by Jason. If Jason had not operated the insured vehicle there would be no Section 6106 claim against the owners, Mr. and Mrs. Gilbert. The Gilberts' policy with Nationwide does not apply to the Kivlins' Section 6106 claim because of the Voiding Endorsement that states "the coverages provided in the policy are not in effect" while Jason was operating one of the insured vehicles.

### Public Policy Permits Driver Exclusions

Kivlin's second argument on appeal is that the Nationwide Voiding Endorsement is invalid as a matter of law because it conflicts with the public policy behind 21 *Del. C.* § 6106. According to Kivlin, that section is meant to extend protection to the public by making the owner of a motor vehicle financially responsible for the negligence of the minor. Nationwide does not dispute that the public policy reflected in Section 6106 is to hold owners of vehicles financially accountable for the negligent acts of a minor driver who is permitted to operate the owner's vehicle.[10] According to Nationwide, however, although Section 6106 makes motor vehicle owners financially responsible for the negligence of a minor, it does not reflect a legislative mandate that an insurer provide coverage for the imputed negligence of the owner.

■ The policies reflected in 21 *Del. C.* § 6106 and 18 *Del. C.* § 3909(c) involve competing interests of the public, motor vehicle owners, and insureds that are reconcilable when these sections are read *in pari materia*. The paramount consideration in Section 6106 is the General Assembly's intention to impose fi-

nancial responsibility upon an adult owner of a motor vehicle who permits it to be used by a minor.[11] Owners of motor vehicles may purchase insurance coverage to protect themselves against the financial responsibility that Section 6106 imposes. The paramount consideration recognized by the General Assembly in Section 3909(c) is an insurance carrier's right to cancel or not renew coverage for some drivers, including minors, under certain circumstances. The insurer's right of cancellation, however, was made subject to certain other public policy considerations.

Delaware law permits insurance companies to issue named driver exclusions, when cancellation is warranted because of the driving record of a household member, *to ensure continued coverage* of a family automobile.[12] The intent of the statute is to allow for continued coverage of vehicles at a reasonable cost to the remaining insureds under the policy, while at the same time "the insurer no longer bears the risks arising from the excluded persons' poor driving record."[13] That two-fold legislative purpose was recognized by this Court in *Washington*.[14]

■ When a notice of cancellation is received, the insured policy owner can either obtain coverage from a different insurer or continue the original coverage subject to a designated driver exclusion. If the insured owner chooses the latter option, the excluded person can either surrender his/her driver's license or obtain separate insurance coverage. If an adult owner of a motor vehicle permits an otherwise insured vehicle to be operated by a minor who is designated as an excluded driver, and that minor has no separate insurance coverage, the personal assets of that adult owner are at risk.

**10.** *Tatlock v. Nathanson,* 169 F.Supp. 151 (D.Del.1959).

**11.** *Westergren v. King,* Del.Super., 99 A.2d 356, 360 (1953).

**12.** *State Farm v. Washington,* Del.Supr., 641 A.2d 449 (1994).

**13.** *Id.* at 452.

**14.** *Id.*

■ Kivlin asserts that if the foregoing analysis is correct, the "gap" in insurance coverage makes the Nationwide Voiding Endorsement invalid because of another public policy that has been recognized by this Court in cases involving various customary exclusionary clauses. In Delaware, general policy exclusions which are usual and customary in the automobile insurance industry are valid only above the minimum financial responsibility limits mandated by 21 *Del. C.* §§ 2118 and 2902.[15] In *Harris*, however, the specific holding of this Court was that policy exclusions affecting the statutory minimum are invalid in the absence of an express statutory authorization.[16]

■ Conversely, when an exclusion in an automobile insurance policy is expressly authorized by statute, the exclusion is valid. The Nationwide Voiding Endorsement is expressly authorized by 18 *Del. C.* § 3909(c). Since there is express statutory authority for the Nationwide Voiding Endorsement, its provisions must be given force and effect.

### Conclusion

Nationwide properly excluded all coverage to the Gilberts, in accordance with 18 *Del. C.* § 3909(c), while Jason was driving an insured vehicle. Therefore, the Superior Court correctly ruled that Nationwide has no obligation to defend or indemnify Jimmy G. Gilbert and Debra A. Gilbert against Kivlin's 21 *Del. C.* § 6106 claim. The Superior Court's grant of summary judgment to Nationwide is affirmed.

---

15. *Cubler v. State Farm Mut. Ins. Co.*, Del. Supr., 679 A.2d 66, 70 (1996) (*citing Harris v. Prudential Property and Casualty Ins. Co.*, Del. Supr., 632 A.2d 1380, 1381 (1993)).

16. *Harris v. Prudential Property and Casualty Ins. Co.*, 632 A.2d at 1381.