# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| NEYDA GARCIA GALARZA,<br>Individually and as Guardian Ad Litem for<br>KARLA GALARZA and MARIA B.<br>CEBRERO-GARCIA,<br><br>Plaintiffs,<br><br>v.<br><br>LEE DAVID OLMSTEAD,<br>MOISES GARCIA-CASTELLANOS and<br>NATIONWIDE PROPERTY &<br>CASUALTY INSURANCE COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. N18C-04-091 CEB |

Submitted: January 13, 2020
Decided: April 19, 2020

## MEMORANDUM OPINION

*Defendant Nationwide Property & Casualty Insurance Company's*
*Motion for Summary Judgment.*
**GRANTED.**

Jonathan B. O'Neill, Esquire, KIMMEL, CARTER, ROMAN, PELTZ & O'NEILL, P.A., Christiana, Delaware. Attorney for Plaintiffs.

Amy M. Taylor, Esquire, HECKLER & FRABIZZIO, Wilmington, Delaware. Attorney for Defendant Lee David Olmstead.

Moises Garcia-Castellanos, Wyoming, Delaware. Pro Se Defendant.

Donald M. Ransom, Esquire, CASARINO CHRISTMAN SHALK RANSOM & DOSS, P.A, Wilmington, Delaware. Attorneys for Defendant Nationwide Property and Casualty Insurance Company.

**BUTLER, R.J.**

## FACTS AND PROCEDURAL HISTORY

This dispute is really about insurance coverage, so let us begin there.

Moises Garcia-Castellanos ("Husband") and Neyda Garcia Galarzo ("Wife") are married with one Child. Husband and Wife had an auto insurance policy with Nationwide Insurance. Nationwide and Husband came to a parting of the ways, causing Nationwide, Husband and Wife to write a "named driver exclusion" into the insurance policy whereby Husband was excluded from coverage under the policy, thus making wife the only insured driver.[1] The policy's "Authorization to Exclude a Driver" stated: "the company has agreed to issue or continue coverage . . . provided that coverage is excluded while: Moises Garcia is operating any of the vehicles to which the policy applies."[2]

Notwithstanding his absence on the auto insurance policy, Husband was driving the family vehicle with the insured Wife and Child in the car when Husband's negligent driving caused an accident in which Wife and the Child were injured.

---

[1] While no mention of why this exclusion was applied to Husband is made in these pleadings, such exclusions typically follow a bad driving record of a particular driver in the household.

[2] Compl., Ex. E, D.I. 65853541.

The second car was driven by Lee David Olmstead, but save for his participation in the accident, he is not relevant to this motion. It is conceded for our purposes that Husband's negligence was the sole cause of the collision.

Wife and Child have sued Husband, the uninsured driver, for uninsured motorist coverage under Wife's policy for the injuries suffered by Wife and Child.

## ISSUE PRESENTED

Defendant Nationwide moves for summary judgment, arguing that Nationwide is not required to provide uninsured motorist benefits for the conduct of the excluded driver. In response, Wife and Child argue summary judgment is inappropriate because Nationwide is relying on an exclusion from coverage that is unenforceable as a matter of Delaware law.

## STANDARD OF REVIEW

This Court will grant summary judgment where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] The moving party bears the initial burden of showing that the undisputed facts make judgment appropriate.[4] If the burden is satisfied, the burden shifts to the non-moving party to demonstrate that there are material issues of fact that must proceed to trial.[5]

---

[3] Super. Ct. Civ. R. 56(c).
[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[5] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

3

## ANALYSIS

In order to get to the heart of the matter, we will assume that the reader is familiar with the basics of Delaware's "no fault" auto insurance law, by which all motorists on Delaware roads are required to carry insurance against liability in the event they are responsible for injuries to others.[6] It is called "no fault" because the insurance mandated by the statute also covers injuries to the policy holder in the event the driver himself is negligent.[7]

This dispute is a layer beyond the ordinary: what happens when a policy holder is injured by a hit and run driver? Or a driver who is himself uninsured? To protect policy holders from such a risk, 18 *Del. C.* § 3902 requires the insurance company to offer uninsured motorist coverage; that is, the policy purchased by the insured must offer the option for the policy holder to cover the risk of being injured by a driver who is not insured. That coverage, however, is not mandatory and the policy holder may opt out of uninsured motorist coverage, so long as doing so is clearly indicated in the policy documents.[8] On the other hand, when the policy holder elects uninsured motorist coverage, it is presumed that the purpose of the coverage is to protect the innocent policy holder from damages caused by unknown

---

[6] 21 *Del. C.* § 2118(a)(1).
[7] 21 *Del. C.* § 2118(a)(2).
[8] 18 *Del. C.* § 3902.

or impecunious negligent tort-feasors and limitations on such protection are narrowly construed.[9]

The permissibility and scope of exclusions from coverage under an uninsured motorist provision have been disputed from time to time. For example, in *Frank v. Horizon Assur. Co.* the Delaware Supreme Court held that Horizon could not exclude the policy holder from relief under her uninsured motorist policy with Horizon just because she had a similar policy on a different vehicle with a different insurance company which was in an accident with an uninsured driver.[10] In *State Farm Mut. Auto Ins. Co. v. Abramowicz*, the plaintiff sought uninsured motorist coverage for injuries she sustained when she veered to avoid a driver that fled the scene. The insurance company attempted to limit uninsured motorist coverage by pointing to a policy provision that limited uninsured motorist coverage to drivers that actually struck the insured vehicle. The Supreme Court voided the contractual provision of the policy, saying it unlawfully limited the scope of the uninsured motorist coverage required by the statute.[11]

---

[9] *See, e.g., Lomax v. Nationwide Mut. Ins. Co.*, 964 F.2d 1343, 1346 (3d Cir. 1994); *Miller v. State Farm Auto Ins. Co.*, 993 A.2d 1049, 1053-54 (Del. 2010); *Bryant v. Progressive Northern Ins. Co.*, 2008 WL 4140686, at *3 (Del. Super. Jul. 28, 2008), *rearg., denied*, 2008 WL 4899419, at *1 (Del. Super. Sept. 16, 2008).
[10] 553 A.2d 1199, 1200 (Del. 1989).
[11] 386 A.2d 670, 674 (Del. 1978).

18 *Del. C.* § 3909 authorizes named driver exclusions, which ensure continued coverage of an automobile where the driving record of a household member warrants non-issuance or cancellation of a policy.[12]   Delaware's driver exclusion statute allows an insurance carrier to withhold coverage from individuals who pose an unreasonably high risk of liability to the carrier.[13]

But even named driver exclusions are read narrowly, as we see in the case of *State Farm Mut. Ins. Co. v. Washington*.[14]   In *Washington*, the son of Mr. Washington was excluded by name from his father's insurance policy.  The son was injured while driving his aunt's car and the injury was caused by the negligence of the other driver.  He sought coverage as a member of his father's household.  The Supreme Court repudiated State Farm's argument that the son could not recover because he was a named driver excluded from coverage under the policy.

*Washington* thus had some of the elements before us, but not all of them.  Wife and Child, like Washington, were innocent victims.  But unlike *Washington*, the named excluded driver was the tort-feasor.  Indeed, Husband makes no claim of a right to insurance coverage in this case.

Adding to the mix, 18 *Del. C.* § 3909(c) provides that:

---

[12] 18 *Del. C.* § 3909; *State Farm Mut. Ins. Co. v. Washington*, 641 A.2d 449, 451-52 (Del. 1994).

[13] *State Farm Mut. Ins. Co. v. Washington*, 1993 WL 1626510, at *6 (Jun. 29, 1993).

[14] 641 A.2d at 451.

With respect to any person excluded from coverage under this section, the policy may provide that the insurer shall not be liable for damages, losses or claims arising out of this operation or use of the insured motor vehicle, whether or not such operation or use was with the express or implied permission of a person insured under the policy.[15]

Husband was a "person excluded from coverage under this section." The statute permits the insurer to provide that it shall not be liable for "damages, losses or claims" arising from Husband's operation of the vehicle.

In the face of this clear language, Wife has argued to the Court that the provision that the insurer "shall not be liable" refers to Nationwide's liability policy, not the uninsured motorist provision. But the statute under consideration is the uninsured motorist of Title 18, not the liability provisions of Title 21. And the legislature clearly intended to permit the insurer to exclude *all* "damages, losses or claims," whether they are liability claims or uninsured motorist claims.

*Kivlin v. Nationwide Ins. Co.* involved a claim against the insurer of a motorist who was a named excluded driver.[16] Kivlin was injured in an accident caused by a teenage son (and excluded driver) of insured parents. Kivlin named the son's parents as defendants by virtue of 21 *Del. C.* §§ 6105 and 6106, which together impute the youthful driver's negligence on the parents. Kivlin also sued Nationwide, arguing that Nationwide had a duty to insure the parents should they be found liable to

---

[15] 18 *Del. C.* § 3909(c).
[16] 765 A.2d 536, 538 (Del. 2000).

7

Kivlin. Nationwide resisted, pointing to section 3909(c) and the "Voiding Endorsement" in its policy that specifically excluded coverage for the teenage son.

The Supreme Court dispatched Kivlin's arguments, holding that the plain meaning of section 3909(c) is that when the named excluded driver is operating the vehicle, there is, in effect, no coverage.

While public policy is unnecessary to support the plain, clear meaning of the statute, *Kivlin* brings the public policy home. In *Kivlin,* the defendant family's personal fortunes were put directly at risk by the son's negligent driving of the vehicle as they could not look to their auto insurer to cover the damages from his negligence. On the other hand, the family was in the best position to keep him from behind the wheel of the family vehicle and the family was well aware of his exclusion as a driver. So while the named driver exclusion does limit the availability of insurance, and limitations are to be narrowly construed, *Kivlin* and this case demonstrate that when the exclusion compels the insured to control who is driving the insured car without a remedy in insurance, we might conclude that the statute and the policy are in harmony – or at least not so out of harmony as to hurt one's ears.

In sum, Wife and Child have not convinced the Court that they are entitled to uninsured motorist coverage for claims arising out of Husband's operation of the

insured vehicle. As such, defendant Nationwide is entitled to judgment as a matter of law.

## CONCLUSION

The motion of Nationwide Property and Casualty Insurance Company for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge