# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTEL, INC. AND FISHER-PRICE, INC., | ) | |
| | ) | |
| | ) | C.A. No. N23C-01-042 MAA CCLD |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| XL INSURANCE AMERICA, INC. et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: September 11, 2023
Decided: September 20, 2023

## ORDER REFUSING TO CERTIFY DEFENDANT ACE PROPERTY AND CASUALTY INSURANCE COMPANY'S CERTIFICATION OF INTERLOCUTORY APPEAL, APPLICATION FOR ENTRY OF PARTIAL FINAL JUDGMENT AND STAY OF THIS ACTION

This 20th day of September, 2023, upon consideration of: ACE Property and Casualty Insurance Company's ("ACE Property") Application for (I) Entry of Partial Final Judgment or Certification for Interlocutory Appeal, and (II) A Stay of This Court's Order Pending Resolution of Such Appeal; Opposition to Defendant ACE Property and Casualty Insurance Company's Application for Entry of Partial Final Judgment or Certification for Interlocutory Appeal and For a Stay of the Court's Order; Supreme Court Rule 42 ("Rule 42"); and this civil action's entire record:

## INTRODUCTION AND BACKGROUND

1. Mattel, Inc. and Fisher-Price, Inc. (collectively, "Mattel" or "Plaintiffs") filed their complaint in this Court on January 6, 2023. In the complaint, Mattel sought declaratory relief to determine the defendant insurers' "respective contractual obligations to defend and indemnify Plaintiffs under various product liability insurance policies in connection with multiple product liability claims and/or lawsuits (the 'Underlying Claims')."[1]

2. Mattel filed their amended complaint on March 15, 2023. The Amended Complaint clarified the defendants in the action and revised the nature of the action for "declaratory relief, breach of contract, and bad faith to establish defendant insurers' . . . respective contractual obligations to defend and indemnify Plaintiffs under various product liability insurance policies in connection with multiple product liability claims and/or lawsuits (the 'Underlying Claims'), and to recover damages, including punitive damages, for Chubb's[2] breach of its obligations and bad faith conduct."[3]

3. Pertinent to this Order, on May 26, 2023, Mattel filed its Motion for Partial Summary Judgment on Count IV of the Complaint.[4] Specifically, Mattel

---

[1] Compl. ¶1, Transaction ID 68809178.
[2] "Chubb" refers to Defendant ACE Property and Casualty Insurance Company.
[3] Am. Compl. ¶1, Transaction ID 69473887.
[4] Pls.' Mot. Partial Summ. J. on Count IV of Compl., Transaction ID 70093183.

sought an order declaring that ACE Property "has a present and continuing duty to defend Plaintiffs in the Underlying Claims given the ongoing dispute over exhaustion of policy limits" and a further obligation "to indemnify Plaintiffs in the Underlying Claims."[5]

4. On June 14, 2023, Defendant Starr Indemnity & Liability Company ("Starr") wrote in support of Mattel's Motion for Partial Summary Judgment on Count IV.[6] In the letter, Starr agreed with Mattel that "under controlling California law, [ACE Property] retains the obligation to defend Mattel until the question of the proper operation of Mattel's policies has been resolved."[7]

5. The Court heard oral argument on Mattel's Motion for Partial Summary Judgment on August 21, 2023, and granted Mattel's motion on the record. In doing so, the Court applied California law and held that the well-settled California Court of Appeal case of *Hartford Accident & Indemnity Co. v. Superior Court*[8] squarely addressed the issue of ACE Property's obligation to continue to defend and indemnify Mattel.[9]

---

[5] Pls.' Br. Supp. Mot. Partial Summ. J. 18.
[6] Transaction ID 70194897.
[7] *Id.* at 2.
[8] 23 Cal. App. 4th 1774 (Cal. Ct. App. 1994).
[9] According to Mattel, after the Court's August 21 ruling, "Starr informed Plaintiffs' defense counsel for the Underlying Cases that, in light of the Court's Order, Starr would no longer defend or indemnify Plaintiffs, including payment of long-outstanding invoices, despite having previously agreed to pay defense costs." Pls.' Opp'n to Def.'s Appl. for Entry of Partial Final J. or Certification for Interlocutory Appeal & for Stay of the Ct.'s Order 5 [hereinafter *Opposition*]. Mattel has also filed a Motion to Require ACE Property and Casualty Insurance Co. ("ACE PC")

3

**ANALYSIS**

## I.    The Court will not Certify ACE Property's Application for an Interlocutory Appeal.

6.    Supreme Court Rule 42(b)(i) provides that "[n]o interlocutory appeal will be certified by the trial court or accepted by [the Delaware Supreme] Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment." Supreme Court Rule 42(b)(ii) provides that instances where the trial court certifies an interlocutory appeal "should be exceptional, not routine, because [interlocutory appeals] disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." "[T]herefore, parties should only ask for the right to seek interlocutory review if they believe in good faith that there are substantial benefits that will outweigh the certain costs that accompany an interlocutory appeal."[10]

7.    The trial court, in deciding to certify an interlocutory appeal, must consider: (1) the eight factors listed in Supreme Court Rule 42(b)(iii);[11] (2) "the most

---

to Comply with this Court's Order that ACE PC is Obligated to Defend and Indemnify Plaintiffs. Transaction ID 70803097. The Court is hearing oral argument on this motion on September 22, 2023.

[10] Supr. Ct. R. 42(b)(ii).

[11] Supreme Court Rule 42(b)(iii) provides that the trial court should consider whether:

(A) The interlocutory order involves a question of law resolved for the first time in this State;

(B) The decisions of the trial courts are conflicting upon the question of law;

(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

(D) The interlocutory order has sustained the controverted jurisdiction of the trial court;

4

efficient and just schedule to resolve the case[;]" and (3) "whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice."[12]

8.     The Court, upon review of ACE Property's Application for Certification of Interlocutory Appeal, finds that the August 21, 2023 Order does not decide a substantial issue of material importance that merits appellate review before final judgment.[13]  A "substantial issue" means that the "interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters.[14]  "A legal right is established when a court determines an issue [is] essential to the positions of the parties regarding the merits of the case, *i.e.*, 'where one of the parties' rights has been enhanced or diminished as a result of the order.'"[15]

---

(E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
(F) The interlocutory order has vacated or opened a judgment of the trial court;
(G) Review of the interlocutory order may terminate the litigation; or
(H) Review of the interlocutory order may serve considerations of justice.

[12] *Id.*

[13] *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Axiall Corp.*, 2019 WL 4303388, at *3 (Del. Super. Sept. 11, 2019).  Rather than address the requirements of Supreme Court Rule 42, ACE Property instead spends over half of its brief rearguing its opposition to Mattel's Motion for Partial Summary Judgment.  ACE Property has not filed a timely Motion for Reargument pursuant to Superior Court Civil Rule 59, and the Court will therefore not consider the merits of these arguments.

[14] *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) (citing *Castaldo v. Pittsburgh-Des Moines Steel Co. Inc.*, 301 A.2d 87, 87 (Del. 1973)).

[15] *Id.* (citing Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 14-4(b) (2008)).

9.     The Supreme Court has repeatedly held that issues of contract interpretation, such as this case, are not worthy of interlocutory appeal.[16] The primary case relied upon by ACE Property does not support its argument that the Court's August 21, 2023 Order addressed a "substantial issue." In *HLTH Corp. v. Axis Reinsurance Co.*,[17] all parties sought interlocutory review.[18] Although the Superior Court certified the application in *HLTH*, the Court noted that "[n]ot all the criteria for certification . . . apply to defendant insurers because defendant insurers do not need access to the funds to present a meritorious defense and pursuant to the D&O policies at issue, defendant insurers may recover the funds advanced to Plaintiffs."[19] This is exactly the case here – as noted by the Court during oral argument, ACE Property is entitled to seek reimbursement following the resolution of this action, if appropriate.[20] The Court expresses no opinion at this time as to the

---

[16] *Lexington Ins. Co. v. Almah LLC*, 167 A.3d 499 (TABLE) (Del. 2016). ACE Property's citation to *Shook & Fletcher Asbestos Settlement Trust v. Safety National Casualty Corporation* does not support its position. In *Shook*, the Court ordered the insurer to provide coverage after never having provided coverage for any claim, thereby affecting the insurer's "substantial legal right to refuse to provide insurance coverage." 2005 WL 3007806, at \*2. The same cannot be said here.

[17] 2009 WL 3326628, at \*1 (Del. Super. Sept. 30, 2009).

[18] *Id.* at \*1 n.5, 6.

[19] *Id.* at \*1 n.6.

[20] For this reason, ACE Property's citation to *ACE American Co. v. Rite Aid Corp.*, 270 A.3d 239 (Del. 2022) is likewise misplaced. In the Supreme Court Order accepting the interlocutory appeal, the Supreme Court noted that "in light of Rite Aid's contention that, under Pennsylvania law, Chubb 'has no right to recoup defense costs it is obligated to pay during the 'period of uncertainty' when the underlying suits' claims seek potentially covered damages,' we conclude that interlocutory review will serve considerations of justice." *ACE American Ins. Co., et al. v. Rite Aid Corp., et al.*, No. 339, 2020, at 3–4 (Del.) (D.I. 5). The same is not true here. Both the Court's August 21, 2023 Order and *Hartford* expressly recognizes ACE's right to potential recoupment.

6

merits of any of any parties' argument on this issue; rather the Court only points to the fact, as it did during the August 21, 2023 hearing, that a real, genuine dispute exists regarding coverage.

10.    ACE Property also cites to a string of cases in a footnote claiming to support its position that orders addressing insurance coverage resolve a "substantial issue" warranting interlocutory appeal.[21] Apparently recognizing the dearth of support these cases provide, ACE Property does not expand upon why they enhance its position. For the reasons already stated, the Court finds that these cases do not support that the Court's August 21, 2023 Order decided a "substantial issue" warranting an interlocutory appeal.

11.    The Court will address – briefly – ACE Property's contention that the Court's Order would require it to defend and indemnify "over and above its limits," and that "it is highly unlikely [ACE] will be required to pay more."[22] The Court considered and rejected this argument during the August 21, 2023 hearing. As discussed at oral argument, it is possible that a trier of fact could find that ACE is currently obligated to defend an indemnify Plaintiffs within the limits of multiple

---

[21] Def.'s Br. in Supp. of Appl. for (I) Entry of Partial Final J. or Certification for Interlocutory Appeal, & (II) A Stay of this Ct.'s Order Pending Resolution of Such Appeal 29 n.2 (citing *WMI Liquidating Tr. v. XL Specialty Ins. Co.*, 2013 WL 4520982 (Del. Super. Aug. 23, 2013); *AT&T Corp. v. Clarendon Am. Ins. Co.*, 2006 WL 1360934 (Del. Super. May 18, 2006); *Kivlin v. Nationwide Mut. Ins. Co.*, 765 A.2d 536, 538 (Del. 2000); *Liggett Grp. Inc. v. Affiliated FM Ins. Co.*, 2001 WL 1221656, at *1 (Del. Super. Oct. 9, 2001)) [hereinafter *Application Brief*].
[22] *Id.* at 30.

polices it issued – as evidenced by the fact that Starr wrote in support of Plaintiff's Motion for Partial Summary Judgment.

12. Finally, ACE Property contends that it meets the criteria of Supreme Court Rule 42(b)(iii)(A) and (H) because the August 21, 2023 Order includes a novel ruling and review of the interlocutory order would serve considerations of justice. Neither support ACE Property's argument.

13. Here, the Court applied California – not Delaware – law. In doing so, the Court determined that the long-standing California case of *Hartford* squarely addressed the issue in Plaintiff's Motion for Partial Summary Judgment. Therefore, Supreme Court Rule 42(b)(iii)(A) does not support Plaintiff's Application.

14. Moreover, an interlocutory appeal is not "the most efficient and just schedule to resolve the case."[23] ACE Property's arguments that had the Court "can restore the status quo ante" whereby "Starr was funding Mattel's defense and indemnity" are nothing more than a reargument of the Court's August 21, 2023 Order. Such a request also puts Mattel in the position that *Hartford* was meant to avoid.[24] ACE's additional argument that the August 21, 2023 Order will

---

[23] Supr. Ct. R. 42(b)(iii)(H).

[24] *Hartford*, 23 Cal. App. 4th at 1781 (holding that the coverage obligations of an insurer continue "until it obtains a declaratory judgment or summary judgment that it has exhausted its policy limits.").

"fundamentally impact the broader insurance market" is likewise a red herring, as *Hartford* has been established law since 1994.

15.     Finally, the Court finds that the probable costs of interlocutory review outweigh any potential benefits. As Mattel points out, interlocutory review of the Order would encourage piecemeal review of this litigation, which is disfavored by the Court. Rather, the most efficient resolution of this case is to continue to obtain expeditiously a final determination of the merits of this case. Indeed, one defendant, Great American Assurance Company, currently has a motion for summary judgment pending before the Court with additional motions for summary judgment expected.[25]

**II.     The Court will not grant a Stay of the Order Pending Resolution of an Interlocutory Appeal.**

16.     The Supreme Court of Delaware has established four factors to evaluate requests for stay under Rule 32(a): (i) likelihood of success on the merits of the appeal, (ii) whether the petitioner will suffer irreparable injury if the stay is not granted, (iii) whether any other interested party will suffer substantial harm if the stay is granted, and (iv) whether the public interest will be harmed if the stay is granted. ACE Property cannot meet any of the four factors.

---

[25] Great American Assurance Company's Motion for Summary Judgment on its Counter/Cross Claim (and the oppositions filed by Mattel and ACE Property/ACE American Insurance Company) further demonstrates the dispute that exists in this matter regarding exhaustion of coverage.

9

17. First, likelihood of success on the merits is not met. Pursuant to this standard, the court must determine whether ACE Property "has presented a serious legal question that raises a fair ground for litigation and thus for more deliberative investigation."[26] As the Court just ruled, most, if not all, of ACE Property's Application appears to be a motion for reargument of the Court's August 21, 2023 Order.[27] Therefore, this factor weighs against a stay.[28]

18. Second, ACE Property will not suffer irreparable injury if a stay is not granted. Contrary to ACE Property's arguments, a dispute exists regarding exhaustion of the PY 2013 XOO Policy. ACE Property is also not without a remedy – ACE Property will be entitled to potential recoupment after a determination of coverage by this Court.[29] It is well-settled Delaware law that the possibility of money damages negates a claim of irreparable harm.[30]

19. Third, while ACE Property states that "no other party will suffer substantial harm," this ignores the fact that a stay would result in a lapse of insurance

---

[26] *Matter of Rehab. of Indem. Ins. Corp.*, 2014 WL 185017, at \*11 (Del. Ch. Jan. 16, 2014).

[27] Indeed, in support of this prong, ACE Property merely states "for the reasons explained above" an appeal presents "a serious legal question that raises a 'fair ground for litigation.'" *Application Brief*, supra note 21, at 33–34 (quoting *Kirpat, Inc. v. Delaware Alcoholic Beverage Control Com'n*, 741 A.2d 356, 357 (Del. 1998)).

[28] *See, e.g.*, *BAC Home Loans Servicing, L.P. v. Brooks*, 2012 WL 1408596, at \*2 (Del. Super. Mar. 8, 2012) ("Brooks' arguments in support of granting a stay largely rehash her arguments in opposition to the summary judgment motion.").

[29] *Opposition*, supra note 9, at 18.

[30] Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 16.02[e] (2d ed. 2022) ("Perhaps the most often articulated formulation of what constitutes irreparable injury is that it consists of harm for which there can be no adequate recompense at law").

10

coverage for Mattel. Mattel has indicated that after the Court's August 21, 2023 ruling, Starr (who had been providing coverage to Mattel after ACE Property denied coverage) would no longer defend or indemnify Mattel.[31] This is significant given the multiple lawsuits throughout the country that Mattel is facing regarding the Rock 'n Play sleeper.

20.    Finally, the public interest will not be harmed if a stay is not granted. A real dispute exists regarding ACE Property's duty to defend an indemnify within the limits of multiple Umbrella Policies.[32] For these reasons, ACE Property's Application for a Stay is DENIED.

**III.    A Partial Final Judgment is not Warranted in this Case.**

21.    Pursuant to Superior Court Civil Rule 54(b), "[w]hen more than one claim for relief is presented in an action, . . . the Court may direct the entry of a final judgment upon one or more but fewer than all of the claims." To grant relief pursuant to Rule 54(b), the court must find that: "(1) the action involves multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally decided, and (3) that there is no just reason for delaying an appeal."[33] The Supreme Court of Delaware has a "longstanding policy against piecemeal appeals,"

---

[31] *Opposition*, *supra* note 9, at 5.
[32] *See, e.g.*, *id.* at 29–31.
[33] *Policemen's Annuity & Benefit Fund of Chicago v. DV Realty Advisors LLC*, 2015 WL 3465814, at *1 (Del. Ch. May 28, 2015) (quoting *In re Panex Indus., Inc. S'holders' Liquidating Tr.*, 1999 WL 669350, at *2 (Del. Ch. Aug. 11, 1999)).

11

thus, entering partial final judgment should "be done cautiously and frugally" only "in the infrequent harsh case."[34]

22.     This case does not present the "infrequent harsh case" that merits a final judgment under Rule 54(b). There is no dispute that this action involves multiple claims. ACE Property, however, cannot meet the remaining requirements of Rule 54(b).

23.     The second element – that the rights and liabilities of at least one party has been finally decided – is not met. As stated multiple times during the August 21, 2023 Order (and in this Order itself), granting summary judgment on Count IV of the Amended Complaint provided *interim* – not final – relief. The Court did not make a final adjudication regarding coverage responsibilities and defense obligations. The Court also did not "provid[e] mandatory injunctive relief" as argued by ACE Property.[35]

24.     Finally, there is just reason to delay this appeal. This element considers: "(1) the hardship or injustice suffered by the moving party in the absence of the final judgment; and (2) the interests of judicial administration and judicial economy."[36]

---

[34] *Lima Delta Co. v. Glob. Aero., Inc.*, 2016 WL 1169125, at *2 (Del. Super. Mar. 17, 2016) (citations omitted).
[35] *Application Brief, supra* note 21, at 24.
[36] *Johnson v. Preferred Pro. Ins. Co.*, 2015 WL 413608, at *4 (Del. Super. Jan. 28, 2015) (citing *Sequa Corp. v. Aetna Cas. & Sur. Co.*, 1992 WL 207251, at *1–2 (Del. Super. Aug. 7, 1992)).

25. Here, ACE Property has not demonstrated severe hardship or any exceptional circumstances that would compel the Court to enter a final judgment.[37] As the Court has stated repeatedly, the Court's August 21, 2023 Order was an interim determination of the rights subject to reallocation upon the conclusion of this case. ACE Property will be entitled to reimbursement if it later proves that its obligations have been exhausted, an issue not presently before the Court. As such, no hardship or exceptional circumstances exist.

26. The interests of judicial administration and judicial economy also do not support entry of final judgment. This final prong has been addressed throughout this Order and the Court need not repeat the reasoning here. The Court will point out, however, that a partial appeal here would waste appellate resources given "[t]he possibility that future developments could moot the need to review the issues that are [] subject to [the] Rule 54(b) motion."[38] Reallocation here is possible, and therefore future developments in this case will most likely moot the issues ACE Property seeks to have decided by a partial appeal. ACE Property's Application for Entry of Partial Final Judgment is therefore DENIED.

---

[37] *Sequa Corp,* 1992 WL 207251, at *2.
[38] *Id.*

## CONCLUSION

27.    For the foregoing reasons, ACE Property and Casualty Insurance Company's Application for (I) Entry of Partial Final Judgment or Certification for Interlocutory Appeal, and (II) A Stay of this Court's Order Pending Resolution of Such Appeal is denied it its entirety.   The Application for Certification of an Interlocutory Appeal is Refused.  IT IS SO ORDERED.

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

14